# IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

M&I MARSHALL & ILSLEY BANK, )
formerly Gold Bank, )
)
    Plaintiff, )
)
vs. )  **Case No. CIV-08-874-D**
)
FD-RE, L.L.C.; )
)
    Defendants. )

## ORDER

This matter comes before the Court on a Renewed Motion for Default Judgment (Dkt. 19) against the Defendant, FD-RE, L.L.C. ("FD-RE"), for its failure to answer or otherwise plead after service of the Amended Complaint.  After examining the pleadings, the Court finds that the Renewed Motion for Default Judgment should be granted as follows:

1. On or about August 26, 2008, M&I Bank filed the Amended Complaint.  FD-RE was duly served with Summons and the Amended Complaint on or about September 2, 2008.  Despite being properly served, FD-RE has failed to answer or otherwise appear.  The Clerk of the Court has entered a default against FD-RE (Dkt. 14).

2. The former Defendants, unknown occupants of the real property, have been dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1) (Dkt. 18).

3. Plaintiff is entitled to and is granted judgment on the First Claim for Relief, Note No. 1, of the Amended Complaint, in the principal sum of $622,096.72, together with interest thereon as of August 7, 2008, in the amount of $3,611.62, plus interest after August 7, 2008, at 18% per annum until the date of Judgment and with interest after the date of the Judgment in

accordance with 28 U.S.C. § 1961, plus reasonable attorneys' fees and costs as allowed by the Court.

4.       Plaintiff is entitled and is granted a judgment foreclosing the two (2) mortgages described in the Amended Complaint, Second Claim for Relief, on the following real property in Oklahoma County, Oklahoma described as follows:

> Lots Seven (7) through Forty-two (42) in Block Ten (10) of ARLINGTON HEIGHTS ADDITION to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof, LESS AND EXCEPT Lot Twenty-three (23) and the East Eight (8) feet of Lots Twenty-four (24) and Twenty-five (25), and all of Lots Twenty-six (26) and Twenty-seven (27) in Block Ten (10).
>
> AND
>
> Lot Twenty-three (23) and the East Eight (8) feet of Lots Twenty-four (24) and Twenty-five (25) and all of Lots Twenty-six (26) and Twenty-seven (27) in Block Ten (10) of ARLINGTON HEIGHTS ADDITION to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.
>
> The property is located in Oklahoma City at 3400 N. Kelley Ave., Oklahoma City, Oklahoma 73111 ("Real Property")

The mortgages were recorded in Document Nos. 2006002736 and 2006100339 of the records of the County Clerk of Oklahoma County, Oklahoma (collectively "Mortgages").  The Mortgages secure the payment of the FD-RE indebtedness under the First Claim for Relief, Note No. 1.

5.       Plaintiff is entitled to and is granted judgment on the Third Claim for Relief, Note No. 2, of the Amended Complaint, in the principal sum of $832,058.60, together with interest thereon as of August 7, 2008, in the amount of $72,441.70, plus interest after August 7, 2008, at 18% per annum until the date of Judgment and with interest after the date of the Judgment in accordance with 28 U.S.C. § 1961, plus reasonable attorneys' fees and costs as allowed by the Court.

6.      Plaintiff is entitled to and is granted judgment on the Fourth Claim for Relief, Note No. 3, of the Amended Complaint, in the principal sum of $611,986.93, together with interest thereon as of August 7, 2008, in the amount of $3,552.93, plus late charges of $456.65, plus interest after August 7, 2008, at 18.00% per annum until the date of Judgment and with interest after the date of the Judgment in accordance with 28 U.S.C. § 1961, plus reasonable attorneys' fees and costs as allowed by the Court.

7.      Plaintiff is entitled to and is granted Judgment on the Fifth Claim for Relief, Note No. 4, of the Amended Complaint, in the principal sum of $517,116.33, together with interest thereon as of August 7, 2008, in the amount of $38,147.16, plus interest after August 7, 2008, at 18% per annum until the date of Judgment and with interest after the date of the Judgment in accordance with 28 U.S.C. § 1961, plus reasonable attorneys' fees and costs as allowed by the Court.

8.      Plaintiff is entitled to and is granted judgment on the Sixth Claim for Relief, on Note No. 5, of the Amended Complaint, in the principal sum of $456,371.55, together with interest thereon as of August 7, 2008, in the amount of $37,857.15, plus interest after August 7, 2008, at 18% per annum until the date of Judgment and with interest after the date of the Judgment in accordance with 28 U.S.C. § 1961, plus reasonable attorneys' fees and costs as allowed by the Court.

9.      Plaintiff is entitled to and is granted judgment on the Seventh Claim for Relief, on Note No. 6, of the Amended Complaint, in the principal sum of $390,963.71, together with interest thereon as of August 7, 2008, in the amount of $32,281.71, plus interest after August 7, 2008, at 18% per annum until the date of Judgment and with interest after the date of the

Judgment in accordance with 28 U.S.C. § 1961, plus reasonable attorneys' fees and costs as allowed by the Court.

10.     Plaintiff is entitled to and is granted judgment on the Eighth Claim for Relief, Note No. 7, of the Amended Complaint, in the principal sum of $503,060.11, together with interest thereon as of August 7, 2008, in the amount of $41,738.79, plus interest after August 7, 2007, at 18% per annum until the date of Judgment and with interest after the date of the Judgment in accordance with 28 U.S.C. § 1961, plus reasonable attorneys' fees and costs as allowed by the Court.

11.     Plaintiff is entitled to have its Mortgages foreclosed and the same to be declared valid first and paramount liens upon the above described Real Property (subject only to unpaid taxes given priority by law) and an Order for sale that such real estate be sold in accordance with Federal Rule Civil Procedure, Rule 69(a) and 28 U.S.C. §§ 2001-2007 to satisfy the judgment in favor of the Plaintiff on the First Claim for Relief and that all proceeds arising from the sale shall be applied, first, to the payment of any unpaid taxes given a priority by law; next to payment of all costs herein; next to the payment and satisfaction of the Judgment under the First Claim for Relief plus attorneys' fees and costs as allowed by the Court; and, finally the surplus, if any, be paid in the Court to abide by further Order of the Court.

IT IS SO ORDERED this 6th day of January, 2009.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE