IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| M&I MARSHALL & ILSLEY BANK, formerly Gold Bank, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-08-874-D |
| FD-RE, L.L.C., | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

This matter comes before the Court on the Motion to Substitute Plaintiff [Doc. 26], filed by Plaintiff M&I Marshall & Ilsley Bank ("M&I Bank"). This action to foreclose notes and mortgages resulted in a default judgment in favor of M&I Bank against Defendant FD-RE, LLC. M&I Bank alleges in the Motion that it "sold, transferred and assigned all of its rights in the notes, mortgages, and judgment in this action to its wholly owned operating subsidiary, Regional Properties, Inc., for the purpose of taking title through the foreclosure of its mortgage in this action." *See* Motion at 1. Accordingly, M&I Bank moves under Fed. R. Civ. P. 17(a) for substitution of Regional Properties, Inc. as the plaintiff and judgment creditor.

Plaintiff provides no legal authority for its request, aside from the language of Rule 17(a). This rule simply provides for the prosecution of an action in the name of the real party in interest and prevents dismissal of an action for failure to prosecute in the name of the real party in interest unless certain conditions are satisfied. A substitution of parties due to a transfer of interest during the pendency of an action is governed by Rule 25(c), not Rule 17. *See McMoran Oil & Gas Co. v. KN Energy, Inc.*, 907 F.2d 1022, 1024-25 & n.5 (10th Cir. 1990), *reversed on other grounds sub*

*nom*, *Freeport-McMoran, Inc. v. KN Energy, Inc.*, 498 U.S. 426 (1991); *FDIC v. Deglau*, 207 F.3d 153, 159 n.2 (3d Cir. 2000). Rule 25 allows a substitution of a successor in interest under such circumstances, but does not require it. *See Prop-Jets, Inc. v. Chandler*, 575 F.2d 1322, 1324 (10th Cir. 1978) (substitution or joinder under Rule 25(c) "is generally within the sound discretion of the trial court").

This action ended with the entry of a judgment on January 6, 2009. While this Court retains jurisdiction over post-judgment matters to effectuate the foreclosure judgment, it appears that any change of parties at this stage of the case would also require modification of the judgment, presumably under Rule 60. Thus, although local rule LCvR7.1(k) generally excuses the filing of a brief with respect to a motion for substitution of parties, the Court declines to entertain this Motion without a citation of legal authority to support the relief sought.

IT IS THEREFORE ORDERED that the Motion to Substitute Plaintiff [Doc. 26] is DENIED without prejudice to refiling with a supporting brief.

IT IS SO ORDERED this 3rd day of April, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE